# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10548
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 2, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HILARIO GONZALEZ-ROSALES

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-259-1

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

Hilario Gonzalez-Rosales appeals the two-year term of supervised release imposed by the district court following his guilty plea conviction for illegal reentry following deportation, in violation of 8 U.S.C. § 1326. He argues that his sentence violates due process because it exceeds the statutory maximum supervised release term that can be imposed for a violation of § 1326(a). *See* 18 U.S.C. §§ 3559(a)(5), 3583(b)(3). He asserts that he was not

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10548

subject to the enhanced penalties set forth in § 1326(b) because no felony offense was alleged in the indictment.  He concedes that the issue whether his eligibility for a sentencing enhancement under § 1326(b) must be alleged in the indictment and proved to a jury is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).  However, he seeks to preserve the issue for possible Supreme Court review because, he argues, subsequent Supreme Court decisions indicate that the Court may reconsider this issue.

In *Almendarez-Torres*, 523 U.S. at 239-47, the Supreme Court held that for purposes of a statutory sentencing enhancement, a prior conviction is not a fact that must be alleged in an indictment or found by a jury beyond a reasonable doubt.  This court has held that subsequent Supreme Court decisions did not overrule *Almendarez-Torres*.  *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014) (considering the effect of *Alleyne v. United States*, 570 U.S. 99 (2013)); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007) (considering the effect of *Apprendi v. New Jersey*, 530 U.S. 466 (2000)).  Thus, Gonzalez-Rosales's argument is foreclosed.

Accordingly, the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.